IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC LLC and G-P CHEMICALS EQUITY LLC,  )<br>  )<br>Plaintiffs  )<br>  )<br>vs.  )<br>  )<br>AMERICAN INTERNATIONAL SPECIALTY LINES INSURANCE COMPANY  )<br>  )<br>Defendant  ) | Civil Action No. 2:08 CV 950<br><br>Judge Holschuh<br>Magistrate Judge Kemp<br><br>Jury Demanded On All Issues So Triable |

**PROTECTIVE ORDER**

Pursuant to the Motions for Protective Order filed by the parties, this Protective Order is hereby entered to govern the production of documents by E. James Hopple, Esq. ("Hopple") pursuant to the March 20, 2009 subpoena duces tecum served by American International Specialty Lines Insurance Company ("AISLIC") on Hopple.

Georgia-Pacific LLC and G-P Chemicals Equity LLC are alleged to be successors to Georgia-Pacific Corporation and Georgia-Pacific Resins, Inc. (collectively "GP"), who were defendants in an action filed by Roberta and Carl Booth and others in the Court of Common Pleas of Franklin County, Ohio, Case No. 98CVC05-3535 (the "Booth Action"). The Booth Action was settled pursuant to a Stipulation and Settlement Agreement and Release dated October 8, 2001 (the "Booth Settlement"), and Hopple was the Settlement Administrator of the Booth Settlement.

1247923.1

GP then filed this Coverage Action (hereinafter "Action") against AISLIC. The term "Action" is hereby defined as the Coverage Action, including, the litigation, prosecution, defense, appeals, and/or any settlement thereof, and/or any related mediation or arbitration.

AISLIC, through counsel, commanded Hopple to produce copies of relevant, responsive un-redacted documents in Hopple's possession or control concerning the Booth Settlement which are identified more specifically at Attachment A to the March 20, 2009 subpoena duces tecum directed to Hopple, so that AISLIC may review, photocopy, and/or scan the relevant and responsive un-redacted documents in Hopple's possession or control. AISLIC, GP, and Hopple acknowledge that certain of the relevant, responsive un-redacted documents may contain confidential and personal information of the claimants to the Booth Settlement and that the inappropriate use or disclosure of these documents should be avoided. As such, Hopple and other parties have moved for an entry of a Protective Order.

For good cause shown, the Motion for a Protective Order is **GRANTED** on the following terms:

1. Hopple's objections, premised in part on the unrepresented claimants' protected health and financial information, to producing all relevant, responsive documents in his possession or control in response to the document requests contained in Attachment A to the March 20, 2009 subpoena duces tecum directed to Hopple in their un-redacted form are overruled.

2. Hopple is hereby ordered to produce all relevant, responsive documents in his possession or control in response to the document requests contained in Attachment A to the March 20, 2009 subpoena duces tecum directed to Hopple in their un-redacted form. All

1247923.1

relevant, responsive, un-redacted documents produced by Hopple in response to the March 20, 2009 subpoena duces tecum shall be known as the "Documents."

3. AISLIC, GP, and their counsel shall be permitted to review, photocopy, scan, and/or bates-label all relevant and responsive Documents provided by Hopple in their un-redacted form, and at such time and place, and under such circumstances, as may be agreed to by the parties.

4. All Documents will be treated by AISLIC and GP as confidential. As such, and with the limited exceptions set forth below, AISLIC and GP will not disclose any such Documents to persons or parties outside of this Action.

5. Access to the Documents shall be limited to:

(a) AISLIC and only those of its employees involved in this Action;
(b) Counsel for AISLIC;
(c) Experts or consultants retained by AISLIC or its counsel;
(d) GP and only those of its employees involved in this Action;
(e) Counsel for GP;
(f) Experts or consultants retained by GP or its counsel;
(g) Deposition or trial witnesses in this Action; and/or
(h) This court and any appellate court and/or any mediator or arbitrator relative to this Action.

6. AISLIC, GP, and their counsel shall inform each person to whom they disclose or give access to Documents of the terms of this Protective Order as well as the obligation to comply with those terms. Each person (other than the court) who is given access to Documents shall also sign a Commitment of Qualified Person Pursuant to Confidentiality Agreement, attached hereto as Exhibit A.

7. All Documents photocopied and/or scanned by AISLIC and GP shall be marked by AISLIC and GP with the legend: "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER"

1247923.1

8. Subject to the terms and conditions of this Protective Order, the Documents shall be used by AISLIC and GP solely for purposes of this Litigation, and any appeal taken from it, and not for any other purpose.

9. All Documents may be used by AISLIC and GP in this Action without restriction or limitation, with the express understanding that said Documents may be used by AISLIC and GP in the litigation, prosecution, defense, appeals, and/or or settlement of this Action, and/or any related mediation or arbitration.

10. Prior to using Documents in this Action, AISLIC and GP will reach an agreement setting forth the manner in which any confidentialities to which the claimants to the Booth Settlement may be entitled will be preserved and protected.  In furtherance thereof, AISLIC and GP will file all such Documents under seal.

11. Similarly if Documents are used as exhibits to a deposition, the deposition and any exhibits thereto, if filed with the Court, must be filed under seal.

12. In the event that any party receiving Documents covered by this Protective Order inadvertently discloses Documents to any person or entity not entitled under this Protective Order to receive such information, the party, upon discovering the inadvertent disclosure, shall immediately (a) inform the producing party of the discovery of the inadvertent disclosure, (b) inform the receiving person or entity of the existence and terms of this Protective Order, (c) make its best efforts to retrieve any inadvertently disclosed Documents, and (d) make its best efforts to have the receiving party execute the Commitment of Qualified Person Pursuant to Confidentiality Agreement, attached hereto as Exhibit A.

13. Notwithstanding the foregoing provisions of this Agreement, if AISLIC or GP is required by any court, governmental agency or regulatory body or otherwise by law to disclose

1247923.1

any Documents, then AISLIC and GP may, without liability hereunder, so disclose such Documents; provided that AISLIC and GP shall furnish Hopple with prompt notice of such need to disclose Documents, identifying in reasonable detail the Documents required, sufficiently in advance of such disclosure so that Hopple may seek an appropriate additional protective order, if necessary.

14. The Court will ensure that the parties will preserve and protect all available confidentialities to which any person may be entitled.

15. When this Action is finally concluded, AISLIC and GP shall provide Hopple with affidavits verifying that all Documents have either been returned to Hopple or destroyed.

16. AISLIC and GP shall reimburse Hopple or his firm for reasonable costs and/or fees in retrieving and producing emails.

17. The parties will brief for consideration by the Court the issue as to whether Hopple and his firm are entitled to recover their fees associated with his Motion for Protective Order.

IT IS SO ORDERED.

/s/ Terence P. Kemp
United States Magistrate Judge

APPROVED AND AGREED TO BY:

_____    _____
E. James Hopple, Esq.                   Mark W. Zimmerman (*Pro Hac Vice*)
                                        James J. Berdelle (*Pro Hac Vice*)
                                        Lisa J. Smuckler (*Pro Hac Vice*)
                                        CLAUSEN MILLER P.C.

1247923.1

10 South LaSalle Street
Chicago, Illinois 60603
Tel: (312) 855-1010
Fax: (312) 606-7777
mzimmerman@clausen.com
jberdelle@clausen.com
lsmuckler@clausen.com

James J. Brudny, Jr. (0007458)
REMINGER CO., L.P.A.
Capital Square
65 East State Street, 4th Floor
Columbus, Ohio 43215
Tel: (614) 232-2415
Fax: (614) 232-2410
jbrudny@reminger.com

*Counsel for American International Specialty Lines Insurance Company*


_____
Thomas E. Birsic (*Pro Hac Vice*)
Paul C. McCaffrey (*Pro Hac Vice*)
K&L GATES LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, Pennsylvania 15222-2312
Tel: (412) 355-6500
Fax: (412) 355-6501
Thomas.Birsic@klgates.com
Paul.McCaffrey@klgates.com

James E. Arnold  (0037712)
James G. Vargo  (0068214)
James E. Arnold & Associates LPA
471 E. Broad Street, Suite 1400
Columbus, Ohio  43215
Ph:  614-460-1600
Fx:  614-469-1066
jarnold@arnlaw.com
jvargo@arnlaw.com

*Counsel for Georgia-Pacific LLC and G-P Chemicals Equity LLC*

1247923.1

## EXHIBIT A

## COMMITMENT OF QUALIFIED PERSON PURSUANT TO CONFIDENTIALITY AGREEMENT

I hereby affirm that (1) I have received and read a copy of the Confidentiality Agreement dated as of May ___, 2009; and (2) I understand the terms thereof and agree to be bound thereby.

_____
Date

Name: _____

Signature: _____

Title: _____

Company: _____

1247923.1