IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Georgia-Pacific LLC,
et al.,

    Plaintiffs,

  v.                              Case No. 2:08-cv-950

                                    Magistrate Judge Kemp
American International
Specialty Lines Insurance
Company,

    Defendant.

ORDER

On June 1, 2009, the Court entered separate protective orders pursuant to which E. James Hopple ("Hopple") and The Garden City Group, Inc. ("Garden City Group"), who are not parties to this action, produced certain documents to American International Specialty Lines Insurance Company ("Defendant"). The documents were the subject of subpoenas duces tecum issued on behalf of Defendant. Following service of the subpoenas, Hopple and Garden City Group each moved for a protective order (##44, 45) on behalf of certain presently unrepresented class members who had submitted proofs of claim for property damages and personal injuries sustained as the result of an explosion and fire that occurred at Georgia-Pacific's Columbus, Ohio facility on September 10, 1997. Those class members who claimed personal injury were required to attach to their claims copies of medical records, invoices, and other documents evidencing proof of personal or bodily injury. The motions sought to protect those class members with respect to the disclosure of any confidential medical records or other health information falling under HIPAA.

In addition, Hopple and Garden City Group asked that they be compensated pursuant to Fed.R.Civ.P. 45(c)(1) for their time and expense in reviewing the electronically stored information and hard copy documents, the preparation of any objections and/or privilege log, as well as reimbursement of their expenses associated with producing the documents, and preparing for, appearing at, and defending a deposition.

Defendant opposed the motions for protective orders and filed a motion to compel production of the documents requested in the subpoenas (#48). The Court held a status conference on May 19, 2009, and issued an order the following day. The order (#53) provided in relevant part that the motions for protective order and the motion to compel would be resolved by the entry of a protective order which was to be submitted no later than May 26, 2009.

The protective orders entered by the Court provided that the parties to this action would reimburse Hopple and Garden City Group for their reasonable costs and/or fees in retrieving and producing emails. Left unresolved, however, was the question of whether Hopple and Garden City Group are entitled to recover their attorney's fees in connection with their motions for protective order. The Court ordered the filing of briefs regarding Hopple's and Garden City Group's entitlement to attorney's fees. On June 5, 2009, Hopple and Garden City Group filed a memorandum in support of their request for attorney's fees and expenses associated with their motions for protective order. On June 26, 2009, Defendant filed a memorandum contra this request. Only the legal issue is presently before the Court as neither Hopple nor Garden City Group has submitted a verified statement of the attorney's fees each incurred in connection with their motions for protective orders.

The memoranda submitted by both sides analyzes the movants'

entitlement to attorney's fees under Rules 26(c)(1) and 37(a)(4) of the Federal Rules of Civil Procedure.  Rule 26(c)(1) allows any person from whom discovery is sought to move for a protective order.  Rule 37(a)(5) dictates that if the court grants the motion, it shall require the party whose action brought about the need for a protective order "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  The rule further provides, however, that the court should not order such payment if the movant filed the motion before attempting to resolve the dispute in good faith, if the opposing party's conduct was substantially justified, or if other circumstances make an award of expenses unjust.  Fed.R.Civ.P. 37(a)(5)(A)(i-iii).

The Court believes that, contrary to the analysis found in the supporting and opposing memoranda, an award of attorney's fees in the present circumstances is more appropriately considered under Rule 45 of the Federal Rules of Civil Procedure, which governs subpoenas.  This rule provides in relevant part:

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a party subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees-on a party or attorney who fails to comply.

Fed.R.Civ.P. 45(c)(1).  Unlike Rules 26 and 37, which focus on the conduct and motivation of the party requesting discovery, Rule 45 focuses on the burden imposed on the recipient of the subpoena.  See Huntair, Inc. v. Climatecraft, Inc., 254 F.R.D. 677, 679 (N.D. Okla. 2008).  So long as the duty to avoid imposing an undue burden is violated, it is of no consequence that the party or attorney who served the subpoena acted in good faith.  Id.; see also Liberty Mut. Ins. Co. v. Diamante, 194

3

F.R.D. 20, 23 (D. Mass. 2000).

Rule 45 further provides that the person commanded to produce documents or electronically stored information may within a specified time period serve an objection on the party or attorney designated in the subpoena. The party or attorney who served the subpoena may then move the issuing court for an order compelling production or inspection. However, any such order "must protect a person who is neither an officer nor a party's officer from significant expense resulting from compliance." Fed.R.Civ.P. 45(c)(2)(B).

Protection of a non-party from significant expense does not necessarily mean that the party issuing the subpoena must bear the entire cost of compliance. See In re Exxon Valdez, 142 F.R.D. 380, 383 (D.D.C. 1992). "However, the Advisory Committee's Notes, commentaries, and the small universe of decisions applying the Rule appear to intimate such an interpretation." In re First American Corp., 184 F.R.D. 234, 241 (S.D.N.Y. 1998). In fact, the entire tenor of Rule 45 is to prohibit a party from shifting its litigation expenses to a non-party. Kean v. Van Dyken, No. 4:05-CV-64, 2006 WL 374502 at *5 (W.D. Mich. Feb. 16, 2006). The relevant factors for determining how much of the production cost the requesting party must bear include "whether the nonparty has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the requesting party, and whether the litigation is of public importance." Linder v. Calero-Portocarrero, 180 F.R.D. 168, 177 (D.D.C. 1998).

There is nothing in the record to indicate that Hopple or Garden City Group has any interest in the outcome of this case. There is also no reason to believe that Hopple and Garden City Group can more readily bear the costs of production than Defendant. Finally, this litigation does not appear to be of

4

public importance.  Therefore, the Court concludes that Defendant should bear any significant expenses incurred by these non-parties in complying with the subpoena.

A non-party's legal fees, particularly where the services benefit the requesting party, are considered an expense which is reimbursable under Rule 45(c)(2)(B).  First American Corp., 184 F.R.D. at 241.  See also Huntair, Inc., 254 F.R.D. at 679 (award of attorney's fees may be appropriate sanction for violation of Rule 45).  The rationale behind this rule is that "nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party."  In re Automotive Refinishing Paint, 229 F.R.D. 482, 496-97 (E.D. Pa. 2005)(internal quotation marks and citations omitted).

In this case, counsel for Hopple and Garden City Group had a duty to protect class members in the Booth class action litigation with respect to the disclosure of any confidential medical records or other health information falling under HIPAA. To comply with Defendant's subpoena, their attorneys had to review some ten bankers' boxes of documents, as well as electronically stored information.  Their attorneys then prepared objections and/or privilege logs, exchanged emails with Defendant's counsel regarding those objections, and ultimately filed motions for protective orders when, in their view, the protective order proposed by Defendant did not address all of their concerns.

Based on the foregoing reasons, the Court finds that Defendant's subpoenas imposed an undue burden on Hopple and Garden City Group.  The Court further determines that they should recover at least a portion of their attorney's fees.  The Court directs Hopple and Garden City Group to serve and file a

statement of their costs and attorney's fees within fourteen (14) days of the entry of this order.  Defendant may thereafter file an objection to the reasonableness of such fees and expenses within fourteen (14) days of the filing of such fee statement.  The Court may schedule a hearing on any objections if deemed necessary to resolve this dispute.  It is further ordered that Defendant's motion to compel discovery from Hopple and Garden City Group (#48) is denied as moot.

/s/ Terence P. Kemp
United States Magistrate Judge