```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

Georgia-Pacific LLC,            :
et al.,                         :
                                :
        Plaintiffs,             :
                                :
   v.                           :   Case No. 2:08-cv-950
                                :
                                :   Magistrate Judge Kemp
American International          :
Specialty Lines Insurance       :
Company,                        :
                                :
        Defendant.

## ORDER

On January 29, 2010, the Court issued an order finding that the subpoenas served by defendant American International Specialty Lines Insurance Company ("AISLIC") on non-parties E. James Hopple and The Garden City Group, Inc. ("Garden City") imposed an undue burden and that these non-parties should recover at least a portion of their attorneys' fees pursuant to Fed.R.Civ.P. 45(c)(1). The Court directed Mr. Hopple and Garden City to serve and file a statement of their costs and attorney's fees and permitted AISLIC to file an objection to the reasonableness of such fees and expenses. Both the statement of costs, and AISLIC's memorandum, have now been filed. For the following reasons, the application will be granted to the extent set forth below.

Mr. Hopple and Garden City seek a total of $18,838.75 in attorneys' fees associated with the filing of their motions for protective order and related briefing, preparing for and attending the court hearing regarding these motions, attempting to resolve the dispute relating to their proposed protective order, and responding to AISLIC's subpoenas. Of this amount, $17,266.25 is attributable to the services performed by lawyers

in Mr. Hopple's law firm, Schottenstein, Zox & Dunn Co., L.P.A. ("SZD"). The remaining $1,572.50 is claimed by Garden City for services performed by its in-house counsel.

AISLIC opposes the application for attorneys' fees on the grounds that SZD's billing rates, especially those rates charged by the firm's principals, are substantially greater than the prevailing market rates for similar services performed by comparably skilled and experienced counsel in Columbus, Ohio. AISLIC suggests that SZD's rates be reduced to the hourly rates billed by the firm in 2005 while administering the Booth class action settlement. Those hourly rates were $350 for Mr. Hopple, $250 for other principals, and $175 for associates. AISLIC also contends that SZD's fees ought to be reduced by 50% across the board for duplication of effort and for excessive time spent drafting the motions for protective order, and that certain entries which it regards as vague, unnecessary, and/or bearing no relation to the motions should be deducted in their entirety. In addition, AISLIC seeks an across-the-board reduction of 50% in the amounts billed by Garden City because, it argues, it is impossible to discern from the entries what work, if any, was performed by in-house counsel on the motions. Finally, AISLIC objects to the failure of Mr. Hopple and Garden City to provide documentation of the hours purportedly spent retrieving and producing emails.

"The starting point for determining the amount of a reasonable attorney fee is the 'lodestar' amount which is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Imwalle v. Reliance Medical Products, Inc., 515 F.3d 531, 551-52 (6th Cir. 2008)(citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "Where the party seeking the attorney fees has established that the number of hours and the rate claimed are reasonable, the

lodestar is presumed to be the reasonable fee to which counsel is entitled." Inwalle, 515 F.3d at 552 (citing Pennsyvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 564-65 (1986)). "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, supra.

The hourly rates charged by SZD attorneys who worked on this matter are: $510 for Mr. Hopple; $440 for Jay Dingledy; $435 for Alan Starkoff; and $225 for Katherine Manghillis. Messrs. Hopple, Dingledy, and Starkoff are all principals of the firm. Ms. Manghillis is an associate. Garden City seeks reimbursement for work performed by Kay Sickles, Associate General Counsel, and Betsy Alaniz, Deputy General Counsel, at an hourly rate of $275, and for work done by Maryann Aiello, Assistant General Counsel, at an hourly rate of $200.

Neither side has submitted affidavits regarding what reasonable attorneys of similar skill and experience would charge for legal services in the Columbus market. An attorney's customary client billing rate, however, can be a reliable indicator of the market rate. See West v. AK Steel Corp. Retirement Accumulation Pension Plan, 657 F.Supp.2d 914, 932 (S.D. Ohio 2009)(Beckwith, J.)(citing Hadix v. Johnson, 65 F.3d 532, 536 (6th Cir. 1995)). The Court has no reason to doubt that the rates charged by SZD represent the normal billing rates for the attorneys involved or that a Columbus restructuring attorney of Mr. Hopple's skill and experience could reasonably charge an hourly rate of $510 in 2009. However, the Court concludes that the services provided in this case, which culminated in the entry of a basic protective order, did not require an attorney of that skill and experience. Accordingly, the billing rates charged by SZD's principals will be capped at $400 per hour. The Court also finds Ms. Manghillis' hourly rate of $225 in this case to be

reasonable.

The Court is not persuaded by AISLIC's argument that SZD's rates should be reduced to those approved in 2005 for administering the <u>Booth</u> class-action settlement.  Even if those rates were deemed to be the prevailing market rates for attorneys of comparable skill and experience in 2005, the services here were performed in 2009.  Judges in the Southern District of Ohio often refer to the 1983 Rubin Committee rates and apply a 4% annual cost-of-living allowance to measure the reasonableness of the attorney fees requested.  <u>See</u> <u>West</u>, <u>supra</u>.  Applying the annual 4% COLA to the rates approved in 2005 for administering the <u>Booth</u> class-action settlement, the 2009 hourly rate for Mr. Hopple would have been $410, which is higher than the hourly rate the Court is allowing.  The rate for other SZD principals and associates would be somewhat less, but this approach is only a guideline and is not determinative of the ultimate reasonableness of the rate allowed by the Court.

The Court likewise is not convinced that the specific entries identified by AISLIC are duplicative, excessive, vague, unnecessary, or bear no relation to the subpoenas and motions for protective order.  The application notes that Mr. Hopple spent an additional 7.50 hours in connection with the subpoena for which he did not charge.  Therefore, apart from this voluntary reduction, the Court will not reduce the number of hours billed by SZD.  The Court, however, does find that Garden City's in-house attorneys have not documented their services adequately. The entries they submitted do not disclose either the name of the attorney performing the legal services, the dates such services were performed, or the precise nature of such services. Therefore, no fee will be awarded for their services.

The application shows that Messrs. Hopple, Dingledy, and Starkoff billed 9.5 hours, 4.0 hours, and 16.75 hours,

respectively. If the hourly rate for their services is capped at $400, the fee request is reduced by $1,875. Subtracting that amount from the $17,266.25 actually billed results in an allowance of $15,391.25.

Lastly, the Court considers AISLIC's argument that Mr. Hopple and Garden City failed to account for the time spent retrieving and producing emails. The protective orders entered by the Court provided that Georgia-Pacific and AISLIC would reimburse Mr. Hopple and Garden City for their reasonable costs and fees in performing this service. AISLIC represents that it, in fact, has already paid Garden City $2,500 toward such expenses and that Georgia-Pacific is responsible for payment of another $2,500.

It may be that the absence in the application of significant time spent retrieving and producing emails merely reflects that these services were billed separately. However, Mr. Hopple's time entries show that he spent one hour on June 30, 2009, reviewing SZD's email production and that he spent another hour on July 7, 2009, reviewing "down load of email for document production." AISLIC may be entitled to a further deduction in fees up to $800 if Mr. Hopple has already been reimbursed for this time under the terms of the protective order. The parties should be able to make this deduction, if appropriate, without the need for further judicial intervention.

Based on the foregoing reasons, the Court grants the application of E. James Hopple and The Garden City Group, Inc. for attorneys' fees and expenses in the amount of $15,391.25. AISLIC shall pay this amount, or any lesser agreed-upon sum, by April 30, 2010.

/s/ Terence P. Kemp
United States Magistrate Judge